IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JARELL D. TERRY,                                                                  PLAINTIFF
ADC # 149998

v.                                      2:22CV00084-JTK

KENYON RANDLE, et al.                                                          DEFENDANTS

**ORDER**

Jarrell D. Terry ("Plaintiff") has filed a Motion for Preliminary Injunction asking to be moved from the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC") to the Malvern Unit of the ADC. (Doc. No. 44). For the reasons set out below, Plaintiff's Motion (Doc. No. 44) is DENIED.

**I.     Background—Plaintiff's Amended Complaint**

In his Amended Complaint, Plaintiff alleged that as an inmate at the East Arkansas Regional Unit of the ADC, since January 10, 2020, he was deprived of adequate outdoor exercise for 90 days at a time and approximately four-to-five days within a six month period. (Doc. No. 30 at 1). Plaintiff alleged that the lack of exercise resulted in muscle loss, among other things. (Id.). Plaintiff further alleged that he has been housed in the vicinity of inmates who are loud, throw bodily fluids, and break telephones. (Id.). Plaintiff said outdoor exercise is a "period to mentally escape these conditions." (Id.). Plaintiff seeks damages and injunctive relief. (Id. at 2).

**II.    Motion for Preliminary Injunction**

In his Motion for Preliminary Injunction, Plaintiff points out that the discovery period in this case has ended. (Doc. No. 44 at 1). He explains that the "blame for [the lack of outdoor exercise] has been due to understaffing and construction on yard/outdoor exercise area." (Id.).

Plaintiff "seeks the understaffing be immediately cured and the Plaintiff be transferred to Malvern Unit for temporary physical therapy." (Id. at 2).

### A.     Standard

In determining whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). No single factor is dispositive. Id. Absent a showing of real or immediate threat, however, there can be no showing of irreparable injury. Randolph v. Rogers, 170 F.3d 850, 856 (8th Cir. 1999) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

A preliminary injunction is appropriate to grant intermediate relief "of the same character of that which may be granted finally," but inappropriate for dealing with matters "lying wholly outside the issues in the suit." DeBeers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945). The moving party bears the burden of proving that a preliminary injunction should be issued. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Id. (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

### B.     Discussion

Plaintiff includes with his motion numerous Incident Reports from the EARU dating to November 2021 and December 2021. (Doc. No. 44 at 4-102). These reports show that recreation was not conducted in certain areas due to staffing shortages, and in other areas due to construction.

(Id.).  Plaintiff also included an April 7, 2022 memorandum to the Max Inmate Population advising that "construction has demoed the Recreation yard for 2, 4, 6, and 8 cell blocks . . . Recreation call for your areas will be halted until the yard is complete."  (Id. at 103).  But Plaintiff does not allege that he is currently being denied outdoor exercise or exercise in general.

### 1.      Likelihood of Success on the Merits

In Rahman X v. Morgan, the plaintiff, an Arkansas Department of Corrections inmate, was not allowed to go outside to exercise for three months.  300 F.3d 970 (8th Cir. 2002).  Taking into account that the plaintiff was allowed activity outside of his cell, even if not outdoors, the Court of Appeals for the Eighth Circuit found the three-month deprivation of activity outdoors was not "sufficiently serious to establish an Eighth Amendment violation."  Id. at 974 (8th Cir. 2002).

Plaintiff argues that he has a high likelihood of success on the merits because "the deprivation of outdoor exercise has been held unconstitutional by the Eighth Circuit Court of Appeals."  (Doc. No. 44 at 3).  While Plaintiff has alleged he was denied outdoor exercise, the record is not clear if Plaintiff was able to exercise otherwise.  As such, the Court cannot determine the likelihood of Plaintiff's success on the merits.

### 2.      Irreparable Harm

Again, "[t]o demonstrate irreparable harm, the movant 'must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'"  Wildhawk Investments,  27 F. 4th at 597.

It is not clear whether Plaintiff is currently being denied outdoor exercise.  It also is not clear whether Plaintiff is able to exercise—have activity outside of his cell—otherwise.  In short, from the record before me I cannot conclude that Plaintiff faces imminent harm.  "The absence of

irreparable harm 'is an independently sufficient ground upon which to deny a preliminary injunction.'" Id.  As such, Plaintiff's Motion will be denied.

IT IS SO ORDERED this 13th day of February, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE